UNITED STATES of America

v.

Robert TOMMASSELLO, Appellant.

No. 05–5022.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal
for Lack of Timely Filing and
Possible Summary Action

Under Third Circuit LAR 27.4 and
I.O.P. 10.6 March 23, 2006.

Filed April 26, 2006.

John C. Gurganus, Jr., Office of United States Attorney, Scranton, PA, for United States of America.

Mr. Robert Tommassello, Mountaintop, PA, pro se.

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Robert Tommassello appeals the District Court's order denying his motion to vacate his conviction and sentence filed pursuant to Fed.R.Civ.P. 60(b). On February 2, 2001, in *S.E.C. v. Tommassello,* M.D. Pa. Civ. No. 98–cv–00322, the District Court entered a consent order of a permanent injunction against Tommassello. The District Court reserved the amount of disgorgement and penalties. In February 2002, Tommassello pled guilty to fraud and tax evasion and was sentenced in March 2003 to thirty-seven months in prison. On May 13, 2005, Tommassello filed a motion pursuant to Fed.R.Civ.P. 60(b). The District Court denied the motion, and Tommassello filed a timely notice of appeal.

In his Rule 60(b) motion, Tommassello argued that the consent order, which permanently enjoined him from violating certain federal laws, constituted criminal punishment. Thus, he contended, one count of his criminal conviction was in violation of the Double Jeopardy Clause. The District Court determined that a motion pursuant to Rule 60(b) could not be used to attack a criminal conviction. It then concluded that even if Tommassello's claims were properly before it, they were meritless. We agree with the District Court that regardless of how Tommassello's motion is construed, his claims are without merit. The Double Jeopardy Clause only prohibits multiple *criminal* punishments for the same conduct. *Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997). The permanent injunction against Tommassello in the SEC action is not a criminal punishment and did not trigger the protections of the Double Jeopardy Clause. *See S.E.C. v. Palmisano,* 135 F.3d 860 (2d Cir.1998).

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.